UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL K GREGORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-cv-00439-JPH-MG |
| ) | |
| ROBERT E CARTER, JR, ) | |
| MR. LEOHR, ) | |
| JERRY SNYDER, ) | |
| JACK HENDRIX, ) | |
| DICK BROWN, ) | |
| RANDAL PURCELL, ) | |
| CHARLES DUGAN, ) | |
| GILLMORE, ) | |
| FRANK VANIHEL, ) | |
| VANSHORYK, ) | |
| DR. JOE, ) | |
| UNKNOWN INTERNAL INVESTIGATORS, ) | |
| ) | |
| Defendants. ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Michael Gregory is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). He filed this civil action alleging his placement in administrative segregation has violated his constitutional rights. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

1

Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Gregory has sued twelve defendants: Robert E Carter Jr., M. Leohr, Jerry Snyder, Jack Hendrix, Richard Brown, Randall Purcell, Charles Dugan, Gillmore, Frank Vanihel, Vanshoryk, CO Joe, and Unknown Internal Investigators. The complaint makes the following allegations.

Mr. Gregory was transferred to Wabash Valley on May 16, 2017, and he was placed in administrative segregation. Mr. Gregory has been in segregation ever since, and he has not received meaningful or periodic reviews. Mr. Gregory asserts each defendant is involved in the review process and refuses to review his placement.

Mr. Gregory also contends he has been subjected to unlawful conditions of confinement. He alleges he is being housed like a "wild animal." He is restricted to his cell twenty-four hours a day; his cell is eighty-four square feet; a security light is on twenty-four hours a day; he has access to a shower twice a week, and he is subjected to intimidation and threats by correctional officers.

Mr. Gregory seeks money damages, declaratory, and injunctive relief.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, Mr. Gregory's claims against "Unknown Internal Investigators" are dismissed because "it is pointless to include [an] anonymous defendant in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (cleaned up). If Mr. Gregory learns the name of the unknown defendants through discovery, he may seek leave to add them as defendants. For now, these claims are **dismissed**.

Second, Mr. Gregory has plausibly stated a due process claim against all defendants for their failure to provide him meaningful and periodic reviews while he has been held in segregation. *Isby v. Brown*, 856 F.3d 508, 524–26 (7th Cir. 2017) (holding the due process clause requires that jail officials provide periodic and meaningful reviews of inmates in administrative segregation to determine whether the inmate continues to pose a threat); *see also Proctor v. LeClaire*, 846 F.3d 597, 610 (2d. Cir. 2017) ("It is not enough for officials to go through the motions of nominally conducting a review meeting when they have developed a pre-review conclusion that the inmate will be confined in [segregation] no matter what the evidence shows."). Mr. Gregory's due process claim against **all defendants shall proceed**.

Finally, Mr. Gregory has plausibly stated a conditions of confinement claim against all defendants. *Isby*, 856 F.3d at 521 (noting the Eighth amendment prohibits conditions of confinement that deny the inmate the minimal civilized measure of life's necessities). Mr. Gregory's Eighth Amendment claim against **all defendants shall proceed**.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 1, 2023,** in which to identify those claims. Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

The **clerk is directed** to **terminate** "Unknown Internal Investigators" as defendants on the docket and **change** "Dr. Joe" to "Joe."

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Robert E Carter Jr., M. Leohr, Jerry Snyder, Jack Hendrix, Richard Brown, Randall Purcell, Charles Dugan, Gillmore, Frank Vanihel, Vanshoryk, and CO Joe in the manner specified by Rule 4(d). Process shall consist of the complaint filed on October 3, 2022 , dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

**SO ORDERED.**

Date: 2/3/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:

Robert E Carter Jr.
M. Leohr
Jerry Snyder
Jack Hendrix
Richard Brown
Randall Purcell
Charles Dugan
Gillmore
Frank Vanihel
Vanshoryk
CO Joe
    (All at Wabash Valley Correctional Facility)


MICHAEL K GREGORY
852611
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838