UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL K GREGORY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:22-cv-00439-JPH-MG ) |
| ROBERT E CARTER, JR, et al., | ) ) ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT
AS TO EXHAUSTION DEFENSE**

Plaintiff Michael K. Gregory filed this action contending that his constitutional rights were violated while he was held in segregation at Wabash Valley Correctional Facility ("Wabash Valley"). Defendants move for summary judgment arguing that Plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. For the reasons explained below, the motion, dkt. [39], is **DENIED.**

**I.
Summary Judgment Standard**

Parties in a civil dispute may move for summary judgment, a way to resolve a case short of a trial. See Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute over any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson*

1

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the materials cited by the parties, see Fed. R. Civ. P. 56(c)(3); it need not "scour every inch of the record" for evidence that could be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. In this case, Defendants have not met that burden.

## II.
## Factual Background

### A. Plaintiff's Claims

Defendants have moved for partial summary judgment on the issue of exhaustion with respect to Plaintiff's Fourteenth Amendment due process claims, which are based on his allegation that he was denied meaningful reviews during his long-term placement in restrictive housing at Wabash Valley for five years. Dkt. 12 at 2–3.

### B. Grievance Process

The IDOC has a standardized Adult Offender Classification Policy (IDOC Policy No. 01-04-101) that was in place during the time Plaintiff alleges his rights were violated. Dkt. 39-1 at 2. Pursuant to the policy, an inmate may administratively appeal when he receives a classification decision, including placement and continued placement in restrictive housing. *Id.* Inmates may submit a written appeal using State Form 9260 "Classification Appeal" within ten working days from the date the classification decision is received. *Id.* The appeal process is available to inmates at all times, and Mr. Gregory was on notice of the opportunity to appeal his classification designation. *Id.* at 3.

### C. Plaintiff's Attempts at Exhaustion

Plaintiff was approved for transfer to restrictive housing on September 7, 2018. *Id.* The only classification appeal successfully submitted by Plaintiff was on September 24, 2018. *Id.* at 4. This appeal was denied on October 2, 2018, and he was subsequently transferred to the restrictive housing unit. *Id.*

### III. Discussion

The PLRA, requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). "To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

While the exhaustion requirement is strict, it "hinges on the availability of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 642 (2016) (internal quotation omitted). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Id.* Thus, "exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance." *Hill v. Snyder,* 817 F.3d 1037, 1041 (7th Cir. 2016).

"Because exhaustion is an affirmative defense," Defendants face the burden of establishing that "an administrative remedy was available and that [Plaintiff] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

In their summary judgment motion, Defendants argue that Plaintiff failed to exhaust his administrative remedies because after he appealed his initial placement in segregation, he failed to appeal any of the classification decisions regarding continued placement in restrictive status housing. Dkt. 40 at 4. In response, Plaintiff attests that he attempted many times to appeal these decisions, that Caseworker Charles Dugan picked up his forms and never mailed them out, and that he complained to Mr. Dugan about the issue on numerous occasions. Dkt. 46 at 1. Plaintiff's sworn statements directly contradict Mr. Dugan's affidavit that was provided by the Defendants in reply to Plaintiff's response. See dkt. 52-1 at 1-2. If the Court were to credit Mr. Gregory's testimony over that of Mr. Dugan, it could conclude that Mr. Gregory took all steps necessary to exhaust the administrative remedy process. *Dole v. Chandler*, 438 F.3d 804, 811–13 (7th Cir. 2006). *Cf. Hill*, 817 F.3d at 1041. Because the "parties' competing written evidence creates a genuine dispute of material fact that must be resolved by making a credibility finding", a *Pavey* hearing is required. *Winston v. Clarke*, 746 F. App'x 561, 563 (7th Cir. 2018).

## IV. Conclusion

The defendants' motion for summary judgment, dkt. [39], is **DENIED** for the reasons set forth above. The defendants shall have **through December 28,**

5

**2023**, to notify the Court whether they wish to withdraw their affirmative defense or proceed to a *Pavey* hearing.

**SO ORDERED.**

Date: 12/13/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

MICHAEL K GREGORY
852611
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362